UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DALJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN,<br>DAVID VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br>TAMMY MARICH,<br><br>Respondents. | ) | No. 2:26-cv-00519-JPH-MKK |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Daljit Singh is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on July 10, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Singh now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing. Dkt. 1; dkt. 9.

For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Singh an individualized bond hearing or release him from custody, under reasonable conditions of supervision.

## I. Facts

Mr. Singh is a citizen and native of India. Dkt. 1; dkt. 7-1 at 1. When he came to the United States without inspection in April 2015, Mr. Singh was

encountered by U.S. Border Patrol and initially processed as an expedited removal. Dkt. 1; dkt. 7-1 at 2-3. However, he indicated a fear of persecution or torture and was served with a Notice to Appear for Removal Proceedings pursuant to 8 U.S.C. § 1229a. *Id.* at 2-3, 22. The Notice listed Mr. Singh as "an alien present in the United States who has not been admitted or paroled," and charged him with inadmissibility under § 1182(a)(7)(A)(i)(I) because he did not have valid unexpired documentation permitting him to enter the United States. *Id.* at 22. After he was served with the Notice to Appear, Mr. Singh sought and was granted bond and released from detention in June 2015. *Id.*; dkt. 1 at ¶ 25. He subsequently moved to Indiana. Dkt. 7-1 at 1.

In November 2020, the immigration judge issued an order in Mr. Singh's removal proceedings. Dkt. 7-1 at 9. In the order, the immigration judge denied each of Mr. Singh's applications for asylum, withholding of removal, and application for protection pursuant to the Convention Against Torture. As a result, the immigration judge ordered Mr. Singh removed from the United States to India. *Id.* at 19-20. Mr. Singh timely appealed to the Board of Immigration Appeals, which remains pending. *Id.* at 21; dkt. 1; dkt. 7 at 2.

On July 14, 2026, Mr. Singh was stopped by the Indiana State Police while driving in Indianapolis. Dkt. 7-1 at 2. After contacting ICE during the stop, the officers arrested Mr. Singh. *Id.* ICE served an administrative arrest warrant on Mr. Singh the following day and revoked his bond. *Id.* at 2, 26. Mr. Singh was eventually taken to the Clay County Jail where he is being held on behalf of ICE

without bond. Dkt. 1. The administrative warrant cites 8 U.S.C. § 1226 as authority for Mr. Singh's arrest. *Id.* at 5, 7.

## II. Analysis

Mr. Singh claims that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing under 8 U.S.C. § 1226.[1] Dkt. 1 at 16-18. He also claims that his detention is unlawful under the Due Process Clause of the Fifth Amendment, as well as the APA. *Id.*

Respondents initially argued that Mr. Singh was mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. 7 at 5. However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that mandatory detention under § 1225(b)(2)(A) applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Singh who entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . .

[1] Mr. Singh also claims his detention is unlawful "to the extent [that he] is a member of the Bond Eligible Class described in [*Maldonado Batista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025)]." Dkt. 1 at 15. The Court need not address this claim, however, because the Respondents concede that binding authority establishes Mr. Singh's detention is authorized by 8 U.S.C. § 1226(a), entitling him to consideration for bond. Dkt. 8.

and Petitioner is entitled to a custody redetermination hearing." Dkt. 8. It is therefore undisputed that Mr. Singh is entitled to a bond hearing.

## III. Scope of Relief

Mr. Singh requests immediate release from custody. Dkt. 1 at 21. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Singh's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations. Because the Court has found that Mr. Singh's detention violates the INA, it need not reach the claim that his detention violates the APA or the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

As relief, Mr. Singh also asks the Court to place specific constraints on the immigration judge's decision-making at a bond hearing. *See, e.g.*, dkt. 1 at 12. The issue presented to the Court is whether Mr. Singh's current detention is in violation of the laws of the United States. The Court has found that it is because Mr. Singh is subject only to discretionary detention under § 1226(a) and therefore entitled to an individualized bond hearing, which he has not been

given. The Court has ordered Respondents to give Mr. Singh an individualized bond hearing or release him. At a bond hearing, the immigration judge might order Mr. Singh released on bond or the judge might deny him release on bond for reasons that do not turn on who bears the burden of proof or the evidentiary standard. So, the Court denies the request to place specific constraints on the immigration judge's decision-making at a bond hearing.

Finally, the respondents ask the Court to dismiss the petition and direct the petitioner to request a bond hearing through the immigration court. Dkt. 8 at 2. In previous cases, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See, e.g.*, *Choudhary v. Swearningen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court declines an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Singh.

## IV. Conclusion

The Court grants the petition to the extent that **no later than 5:00 p.m. on August 28, 2026,** Respondents must either: (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Singh from custody, under

reasonable conditions of supervision.[2] Respondents must file documentation certifying that they have either provided Mr. Singh with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Singh's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 8/19/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Preetkamal Singh
Singh Law Firm PLLC
singhlawfirmpllc@gmail.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov

[2] This deadline for a bond hearing may be modified without Court involvement upon agreement of Federal Respondents and Petitioner.